HARDY, Judge.
Plaintiff brought suit for the rescission of the sale of a 1951 Ford Sedan allegedly purchased from defendant, for recovery of the purchase price in the sum of $1,325.50, and the additional sum of $52.26 alleged to have been expended as cost of repairs. After trial there was judgment rejecting plaintiff’s demands, from which he prosecutes this appeal.
Plaintiff supports his claim for annulment of the sale and recovery of the purchase price by the contentions that defendant failed to deliver a proper title certificate required under LSA-R.S. 32:705, 706, and, second, by reason of the existence of redhibitory vices and defects.
*478 Defendant urges the rejection of plaintiff’s demands on the ground that he did not make the sale of the vehicle to plaintiff for himself but rather was acting in the transaction simply as plaintiff’s agent. As further defense, the existence of the alleged redhibitory vices is denied, and defendant asserts that such mechanical defects as existed were of an inconsequential nature which were easily susceptible of correction.
The district judge disposed of plaintiff’s claims in the following words:
“Taking up the above two contentions of the plaintiff in reverse order, and which was briefed in that order, I am not satisfied that the requisites of the provisions of [LSA-] R.S. 32:705-706 have not been complied with to the extent that the certificates and affidavits furnished would not be sufficient for the plaintiff to have acquired proper certificate if he did not already have one. Particularly is this true in view of the fact that there was only a mistake in one initial of plaintiff’s wife and the papers were made out by a third party at the instance of and under the direction of the plaintiff, and he could not avail himself of this error and rescind the sale.
“After carefully considering and reviewing all of the evidence in this case, I am of the opinion that Mr. Pugh was acting as agent in the purchase of the car at wholesale price for the benefit of the plaintiff. I think the fact that the plaintiff has testified that defendant was to receive a certain portion for his fee as contained on page 48 of the notes of evidence, and the fact that Mrs. Dunn has testified that the defendant was to receive Twenty-Five Dollars for his part, as contained on page 110 of the evidence, corroborates his story of the fact that he was acting as agent for them in securing the car at wholesale price, and particularly is this true in view of the fact that the evidence will substantiate the fact that they purchased the car at less than the then existing value of the automobile, which had an actual value of at least $1440.00 at the time.
“In view of this fact, I do not deem it necessary to discuss whether or not there were redhibitory vices in the car such as would justify a rescission of the sale.”
Examination of the record convinces us that these conclusions by the district judge were eminently correct, and in our opinion no reasonable purpose would be served by elaborating upon details in connection therewith.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.